IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

REBECCA M. GELLER                                                                PLAINTIFF

        v.                              Civil No. 14-2142

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                   DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Rebecca Geller, brings this action under 42 U.S.C. §405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision.  *See* 42 U.S.C. § 405(g).

**I.**    **Procedural Background:**

Plaintiff filed her applications for DIB and SSI on January 2012[1], alleging an onset date of December 26, 2011, due to a bulging disk, degenerative disk disease ("DDD"), narrowing nerve area, depression, arthritis, and chronic obstructive pulmonary disease ("COPD").  Tr. 137-145, 166.  The Commissioner denied her application initially and on reconsideration.  Tr. 62-68, 75-79.  At the Plaintiff's request, an Administrative Law Judge ("ALJ") held an administrative hearing on December 21, 2012.  Tr. 34-55.  Plaintiff was present and represented by counsel.

---

[1] Records reveal that the Plaintiff previously filed an application for DIB in 2007, but the denial of said application became final on August 9, 2011.  Tr. 24-58, 115-123, 141.

At the time of the hearing, Plaintiff was 53 years old. Tr. 139. She had past relevant work ("PRW") experience as a storage facility rental clerk, file clerk, and video rental clerk. Tr. 27.

On February 22, 2013, the ALJ concluded that the Plaintiff's DDD, osteoarthritis of the right knee, COPD and morbid obesity were severe, but concluded they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4. Tr. 21-23. He concluded that the Plaintiff could perform light work involving only occasional climbing of ramps and stairs, balancing, stooping, kneeling, crouching, and crawling; no climbing of ladders, ropes or scaffolds; less than moderate exposure to fumes, odors, dust, gases, and poorly ventilated areas; and, less than concentrated exposure to extreme cold. Tr. 23. With the assistance of a vocational expert, the ALJ found the Plaintiff could perform her PRW as a storage facility rental clerk, file clerk, and video rental clerk. Tr. 27.

The Appeals Council denied the Plaintiff's request for review on May 1, 2014. Tr. 1-4. Subsequently, Plaintiff filed this action. ECF No. 1. This matter is before the undersigned for report and recommendation. Both parties have filed appeal briefs, and the case is now ready for decision. ECF Nos. 12, 14.

**II.**     **Applicable Law:**

This court must determine whether substantial evidence supports the Commissioner's findings. *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. We must affirm the ALJ's decision if the record contains substantial evidence to support it. *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the court may not reverse it simply because substantial evidence exists in the record that would have supported a

contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, we must affirm the decision of the ALJ. *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

A claimant for Social Security disability benefits has the burden of proving her disability by establishing a physical or mental disability that has lasted at least one year and that prevents her from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir.2001); *see also* 42 U.S.C. § § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A Plaintiff must show that his or her disability, not simply their impairment, has lasted for at least twelve consecutive months.

The Commissioner's regulations require her to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his or her claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his or her age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). The finder of fact will only consider the Plaintiff's age, education, and work experience in light of his

or her residual functional capacity if he reaches the final step of the analysis. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III.   Discussion:**

After the ALJ issued his decision, Plaintiff requested review by the Appeals Council. The Plaintiff submitted a copy of a fax transmission sheet and a Memorandum of Facts and Law in Support of Request for Review by the Appeals Council indicating that she submitted new evidence to the Appeals Council on March 3, 2014, in the form of an RFC assessment from her treating doctor, Dr. Janet Guyer, dated March 6, 2013.   Dr. Guyer indicated that the Plaintiff could stand for a total of 45 minutes per 8-hour workday; walk for a total of 20 minutes; would need an assistive device to stand, walk, and balance; would need to alternate between sitting and standing at 15 minute intervals; could occasionally lift up to 10 pounds, rarely lift 11-20 pounds, and never lift more; occasionally work in an extended position, work above shoulder level, work overhead, and reach; rarely bend, squat, crouch, kneel, or balance; never crawl or climb; and, would have mild restriction with regard to working near hazardous conditions such as unprotected heights.

While we cannot speak to why this evidence is not included in the record, under the regulations, the Appeals Council must evaluate the entire record, including any new and material evidence submitted to it after the ALJ's decision.[2]  *See* 20 C.F.R. § 404.970(b).  The Appeals Council "shall consider the additional evidence only where it relates to the period on or before the date of the [ALJ] hearing decision." *Id*. "It will then review the case if it finds that the [ALJ's] action, findings, or conclusion is contrary to the weight of the evidence currently of record." *Id*.

---

[2] The Government asserts that the evidence was not considered because the Commissioner received it, determined it was neither relevant nor material, and returned it to the Plaintiff.  However, in their decision denying review, the Appeals Council makes no reference to having received the additional medical evidence or having returned it to the Plaintiff.  If this were the case, we would expect to see a notation indicating such.  Further, the Council does acknowledge receipt of the Plaintiff's "reasons you disagree with the decision," suggesting that the evidence was received but possibly slipped through the cracks.

Reviewing courts also have the authority to order the Commissioner to consider additional evidence but "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g); *Woolf v. Shalala*, 3 F.3d 1210 (8th Cir. 1993); *Chandler v. Secretary of Health and Human Servs.,* 722 F.2d 369, 371 (8th Cir. 1983). "To be material, new evidence must be non-cumulative, relevant, and probative of the claimant's condition for the time period for which benefits were denied, and there must be a reasonable likelihood that it would have changed the Commissioner's determination." *Woolf,* 3 F.3d at 1215.

After reviewing the record, including the additional evidence Plaintiff seeks to admit, we conclude that this evidence would have influenced the ALJ's RFC determination had it been in the record at the time of his decision. The record reveals that the Plaintiff suffered from a disk protrusion at the L3-4 level and moderate disk bulge with disk protrusion and a left lateral protruding component at the L4-5 level as identified in a CT scan dated September 10, 2012, and an MRI dated July 2009. Tr. 268, 370. She indicated that her pain radiated into her buttocks and right hip with bilateral numbness, tingling and pins and needles sensation in both thighs. Tr. 273, 277, 316, 373, 376. Doctors noted tenderness, range of motion restriction, and an antalgic gait on numerous occasions. Tr. 270-271, 278-279, 317, 373, 377. And, they have prescribed physical therapy, lumbar epidural steroid injections, oral steroids, muscle relaxers, and narcotic-like pain medication to treat her pain. Tr. 261, 262, 265, 279, 312, 374, 378.

Further, in February 2012, the Plaintiff underwent a general physical examination with Dr. Carlson. Tr. 323-326. The examination revealed a positive straight leg raise test on both sides at 45 degrees, difficulty tandem walking, and an inability to squat and arise from a squatting position. Based on this, Dr. Carlson opined that the Plaintiff would be mildly limited in her ability to walk

long distances, bend, stoop, and squat due to his back pain. He also stated that the Plaintiff would be moderately limited in her ability to walk even short distances due to his COPD.

We note that the walking limitations imposed by Dr. Carlson are not included in the ALJ's RFC determination. Because Dr. Guyer's notes and RFC assessment support Dr. Carlson's limitations, we recommend reversal to allow the ALJ to consider Dr. Guyer's RFC assessment.

The Plaintiff has also submitted medical records dated February 2014, documenting her diagnosis of advanced stage colon cancer with lymph node involvement. Although these records are dated a year after the ALJ's decision, it is clear that advanced stage cancer does not develop overnight. *See Murphy v. Gardner,* 379 F.2d 1, 7 (8th Cir. 1967) (noting the difficulty in establishing the onset date of late stage cancer). Moreover, retrospective medical diagnoses can constitute relevant evidence of pre-expiration disability, especially in cases where the evidence dated during the relevant time period establishes that the condition could well have been present during the relevant time period. *See, e.g., Trenary v. Bowen,* 898 F.2d 1361, 1364 (8th Cir. 1990) (magistrate judge and ALJ accepted retrospective diagnosis of depression); *Basinger v. Heckler,* 725 F.2d 1166, 1169 (8th Cir. 1984); *Parsons v. Heckler,* 739 F.2d 1334, 1340 (8th Cir. 1984); *see also Richardson v. Heckler,* 750 F.2d 506, 509 (6th Cir. 1984) (holding in a similar case that ALJ erred in failing to consider retrospective diagnosis indicating that PTSD existed from time of discharge from army).

Here, the Plaintiff consistently complained of sharp pains in her back, which could have solely been the result of her back impairment. However, back pain is also a recognized and often overlooked symptom of colorectal cancer. Accordingly, on remand, we recommend that the Court order the ALJ to consider this evidence and obtain guidance from the Plaintiff's treating doctor(s) as to the probable onset date of her cancer.

**IV.     Conclusion:**

Based on the foregoing, we recommend reversing the decision of the ALJ and remanding this case to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g). **The parties have fourteen days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of March, 2015.

/s/ *Mark E. Ford*
HONORABLE MARK E. FORD
UNITED STATES MAGISTRATE JUDGE